# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of                )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*   )   Case No. 23-962M(NJ)
A White Apple iPhone in a black case (MPD Inventory # 23018031)  )
and a Red Apple iPhone in a clear case (MPD Inventory # 23018031) )
that are currently stored at the City of Milwaukee Police Department, )
2620 W. Wisconsin, Avenue, Milwaukee, Wisconsin.   )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Eastern____ District of ____Wisconsin____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 7/20/2023 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Hon. Nancy Joseph____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 7/20/2023 @ 10:52 a.m.


*Judge's signature*

City and state:     Milwaukee, WI          Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                    *Executing officer's signature*<br><br>                                                                       *Printed name and title* |

## ATTACHMENT A

### Property to Be Searched

1. The property to be searched is described as follows:

    a. White Apple iPhone in a black case (MPD Inventory # 23018031, Item #1, **TARGET DEVICE 1**); and

    b. Red Apple iPhone in a clear case (MPD Inventory # 23018031, Item #2, **TARGET DEVICE 2**).

2. The devices are currently stored at the City of Milwaukee Police Department, 2620 W. Wisconsin, Avenue, Milwaukee, Wisconsin. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## Particular Things to be Seized

1.  All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Lael BIVINS (b/m 10/02/1999), stored in the devices as of June 4, 2023, including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

2

Case 2:23-mj-00962-NJ    Filed 07/20/23    Page 4 of 20    Document 1

k. any information recording BIVINS's schedule or travel; and

l. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 23-962M(NJ)
A White Apple iPhone in a black case (MPD Inventory # 23018031) and a )
Red Apple iPhone in a clear case (MPD Inventory # 23018031) )
that are currently stored at the City of Milwaukee Police Department, 2620 )
W. Wisconsin, Avenue, Milwaukee, Wisconsin )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8), & 924(c); 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) | Felon in possession of a firearm; use of a firearm during drug trafficking; and possession with intent to distribute controlled substances. |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.

☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: ___)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

DOMINE

*Applicant's signature*

SA Evan Domine, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: 7/20/2023

*Judge's signature*

City and state: Milwaukee, WI   Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Evan Domine, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of property, a cellular telephone, which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Milwaukee Police Officer assigned to the Milwaukee Police Department, Special Investigations Division, as well as a Task Force officer of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed as a Police Officer with the Milwaukee Police Department Since December of 2014 and an ATF Task Force Officer since April 2022. My duties with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I completed approximately 24 weeks of training (approximately 950 hours) at the Milwaukee Police Department Training academy as well as (40) hours of Task Force Officer Training at an ATF Training Center. The training included courses related to constitutional law and search and seizure. I have also received training on conducting criminal investigations, including interviews, surveillance, and evidence collection.

4. The information below is known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who

13

have provided information to me during their official duties and whom I consider to be truthful and reliable.

5. I submit this affidavit for the limited purpose of demonstrating sufficient probable cause for the requested warrant. It does not set forth all of my knowledge about this matter.

6. Based on the circumstances described below, there is probable cause to believe that on or about June 04, 2023, Lael BIVINS, born 10/02/1999, has committed firearm and controlled substances offenses in the Eastern District of Wisconsin, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) (felon in possession of a firearm) and 924(c) (use of a firearm during drug trafficking); and, Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute controlled substances).

## DEFINITIONS

7. The following definitions apply to the Affidavit and Attachment B of this Affidavit:

   a. "Cellular telephone" or "cell phone" means a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing

14

back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may include geolocation information indicating where the cell phone was at particular times.

b. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical, electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), Multi Media Cards ("MMCs"), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

15

d. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

e. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

f. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

h. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet,

17

connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

i. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8. The property to be searched are two (2) cellular telephones currently held at the City of Milwaukee Police Department, 2620 W. Wisconsin Avenue, Milwaukee, Wisconsin, which can be further described as:

   a. White Apple iPhone in a black case (MPD Inventory # 23018031, Item #1, **TARGET DEVICE 1**); and

   b. Red Apple iPhone in a clear case (MPD Inventory # 23018031, Item #2, **TARGET DEVICE 2**).

The applied-for warrant would authorize the search and recovery of evidence particularly described in Attachment B.

## PROBABLE CAUSE

9. On June 4, 2023, officers of the Milwaukee Police Department (MPD) conducted a stop of a wanted person who was driving a white Buick Regal bearing Wisconsin license plate number ASV-4428 at 3835 N. 54th St. in the City and County of Milwaukee. Milwaukee Police Officers believed that Lael BIVINS (b/m 10/02/1999) had an open Milwaukee Police warrant regarding MPD IR # 22-329-0119, and further believed him to be operating the above listed vehicle.

10. Once the stop was conducted, officers gave verbal commands to roll down the widows. The occupants of the vehicle disregarded this command for an extended period of time. During this time, a loud noise was heard by officers that sounded as if the back-seat access to the trunk had been slammed shut. BIVINS, who was in the driver's seat, rolled down all of the windows prior to officers approaching. Officers, familiar with the odor of marijuana, immediately smelled fresh marijuana coming from within the vehicle.

11. BIVINS was removed from the driver seat, Tamia BARNES (b/f 05/28/2001) from the front passenger seat, and Jordan MCFARLING (b/m 05/26/1999) from the rear passenger's side seat. Suspected marijuana was observed loosely spread throughout the backseat area of the passenger compartment

12. The vehicle was searched, and the following items were recovered from the vehicle's passenger compartment: three cell phones including a white Apple iPhone in a black case from the driver's seat (**TARGET DEVICE 1**), a red Apple iPhone (**TARGET DEVICE 2**) in a clear case from the driver's seat, and a pink Apple iPhone from MCFARLING's person. Additionally, two digital scales were recovered in the vehicle: the first was located under the front passenger seat and the other in the rear pocket of the driver's seat. A multi-colored swisher

19

sweet brand backpack was recovered on the rear driver seat which contained two large vacuum seal style bags of suspected marijuana. A black and red Fila brand shoulder bag containing $2,112.00 in U.S. currency in various denominations was located on the front passenger seat which was originally on BARNES' lap when officers removed her from the vehicle.

13. Two loaded handguns were recovered which were concealed in the carpeting fabric that lined the center console along the passenger side in the floorboard area. The firearms were identified as a semi-automatic Glock model 19 9mm (serial # BAZL684) with an extended high-capacity magazine, loaded with 23 unfired cartridges, and a semi-automatic Bersa brand model 86 .380 caliber (serial # 272619) loaded with 14 unfired cartridges.

14. A search of the trunk compartment revealed two bags of suspected marijuana as well as loose marijuana; both bags were opened. The first bag was a large vacuum seal style bag which was partially filled and the other was a clear plastic sandwich style bag which spilled into the trunk's compartment

15. A wanted check of BIVINS revealed he is a convicted felon in Wisconsin Circuit Court Case 20CF001994 as well as having two open felony cases under 22CF003472 and 21CF000488.

16. MCFARLING and BIVINS were arrested and conveyed to Milwaukee Police District 1 for processing.

17. While at District One, Milwaukee police officer Stewart tested the suspected marijuana found throughout the vehicle and on MCFARLING's person which all tested positive for THC utilizing nark II – 05 field test. The total weight recovered was 484.0 grams throughout the vehicle and 7.9 grams on MCFARLING's person. The breakdown of the marijuana recovered is as follows:

20

a. Loose marijuana in the back portion of passenger compartment – 7.2 grams;

b. Marijuana located in the trunk compartment within large vacuum style bag – 275.1 grams;

c. Marijuana located in the trunk compartment within small plastic bag – 57.3 grams; and

d. Marijuana located in the two vacuum seal style bags within the Swisher sweet brand backpack - 63.4 grams / 81.0 grams.

18. Your Affiant's review of records revealed that BIVINS has been convicted of a felony offense in Wisconsin Circuit Court Case 2020CF001994 (Possession of Marijuana with Intent to Distribute) which is of record and unreversed.

19. Based on the weight of the drugs, the packaging, the presence of a firearms, multiple cell phones, and two digital scale, your affiant believes the narcotics were for distribution and not personal use.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

20. Based on my training and experience, I know that most cellular devices have capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Furthermore, I know that cellphones can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

22. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

23. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

24. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

25. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

26. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**ATTACHMENT A**

**Property to Be Searched**

1. The property to be searched is described as follows:

    a. White Apple iPhone in a black case (MPD Inventory # 23018031, Item #1, **TARGET DEVICE 1**); and

    b. Red Apple iPhone in a clear case (MPD Inventory # 23018031, Item #2, **TARGET DEVICE 2**).

2. The devices are currently stored at the City of Milwaukee Police Department, 2620 W. Wisconsin, Avenue, Milwaukee, Wisconsin. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

24

# ATTACHMENT B

## Particular Things to be Seized

1. All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Lael BIVINS (b/m 10/02/1999), stored in the devices as of June 4, 2023, including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

25

  k. any information recording BIVINS's schedule or travel; and

  l. all bank records, checks, credit card bills, account information, and other financial records.

2.  Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.